FIDELITY INTERNATIONAL TRUST CO. ET AL. *v.* UNITED STATES
(No. 2402).[1]

PARAGRAPH 1514, TARIFF ACT OF 1922—AMERICAN GOODS RETURNED.

Paragraph 1514, tariff act of 1922, admits free of duty "Articles the growth, produce or manufacture of the United States, when returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means if imported by or for the account of the person who exported them from the United States." The omission of a comma from between the words "means" and "if" can not have the effect of giving to the original exporter the right to reimport such articles free if *not* advanced or improved, and to any other, such right *if* advanced or improved. The paragraph means that such articles, if not advanced or improved, may be entered free of duty by or for the one who exported them.

United States Court of Customs Appeals, March 6, 1925

APPEAL from Board of United States General Appraisers, G. A. 8755 (T. D. 40070)

[Affirmed.]

*Barnes, Wilson & Halstead* (*Frank M. Halstead* of counsel) for appellants.
*William W. Hoppin*, Assistant Attorney General (*John A. Kemp*, special attorney, of counsel), for the United States.

[Oral argument Jan. 15, 1925, by Mr. Halstead and Mr. Hoppin]

Before GRAHAM, Presiding Judge, and SMITH, BLAND, and HATFIELD, Associate Judges; BARBER, Associate Judge, participating in the decision by agreement of counsel

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the Board of General Appraisers, overruling protest 977804 of the Fidelity International Trust Co., and protest 978644 of the Farm Equipment Co.

The merchandise involved in protest 977804 consists of shovels and was assessed for duty by the collector under paragraph 373 of the tariff act of 1922 at 30 per cent ad valorem.

Paragraph 373 reads as follows:

PAR. 373. Shovels, spades, scoops, scythes, sickles, grass hooks, corn knives, and drainage tools, and parts thereof, composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, aluminum, or other metal, whether partly or wholly manufactured, 30 per centum ad valorem.

The merchandise covered by protest 978644 consists of Kelly axes and was assessed for duty by the collector under paragraph 399 of the tariff act of 1922 at 40 per cent ad valorem.

The pertinent part of paragraph 399 reads as follows:

PAR. 399. Articles or wares not specially provided for, * * * if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc,

---

[1] T. D. 40737.

aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 40 per centum ad valorem.

The appellants claim that the merchandise is free of duty under the provisions of paragraph 1514 of the tariff act of 1922, the pertinent part of which reads as follows:

PAR. 1514. Articles the growth, produce, or manufacture of the United States, when returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means if imported by or for the account of the person who exported them from the United States; * * * but proof of the identity of such articles shall be made, under general regulations to be prescribed by the Secretary of the Treasury. * * *

It appears from the record in the case that the imported articles are of American manufacture.

There is no evidence in the record tending to prove that the merchandise was imported by or for the account of the person who exported it from the United States.

The appellants contend that such evidence is not required by the provisions of paragraph 1514, supra; that the clause, "without having been advanced in value or improved in condition by any process of manufacture or other means if imported by or for the account of the person who exported them from the United States," extends to one other than the exporter of an article of American growth, produce, or manufacture the right to import such article free of duty into the United States, even though such article has been advanced in value or improved in condition by any process of manufacture or other means.

This construction is based upon the fact that the quoted clause of the paragraph is not broken by any punctuation.

It is contended by the appellants that the language "if imported by or for the account of the person who exported them from the United States" modifies "only the preceding part of the same clause" and does not modify the word "articles."

We are unable to agree to such a construction of the paragraph.

The clause introduced by the conditional particle "if" obviously requires a subject and predicate which, from a grammatical viewpoint, are supplied by the pronoun *they* (understood) and the auxiliary verb *are,* inserted before the word imported.   *They* (understood) clearly refers to the word "articles" in the first clause of the paragraph.   We construe such clause as if it read "if *they are* imported by or for the account of the person who exported them from the United States."   Accordingly, the clause "if imported by or for the account of the person who exported them from the United States" relates to and modifies the word "articles."

We are of the opinion that " articles the growth, produce, or manufacture of the United States, when returned after having been exported," are entitled to free entry, if they have not been "advanced in value or improved in condition by any process of manufacture or other means," if such articles are imported into the United States, "by or for the account of the person who exported them from the United States."

Such construction is not only a proper grammatical construction of that part of the paragraph under consideration, but gives a meaning to the language consistent with the plain purpose of Congress.

It is true that Congress had full authority, as suggested by counsel for appellants, to change the established policy of Congress in regard to American goods returned to the United States, but such change of policy ought not to be inferred from a statute wholly inconsistent with such purpose.

In paragraph 404 of the tariff act of 1913 we find the following language:

PAR. 404. Articles the growth, produce, or manufacture of the United States, when returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means. * * *

The only qualification of the provision for free entry of American products, in paragraph 404, supra, was the clause limiting such articles to such as had not been "advanced in value or improved in condition by any process of manufacture or other means."

Congress has changed the law in regard to the free importation of such articles, but in so doing has shown no indication of a change of policy in regard to the protective feature of the law. It has but applied the protective principle more rigorously.

The appellants, having failed to prove that the merchandise was imported by or for the account of the person who exported it from the United States, are not entitled to the relief demanded.

The judgment of the Board of General Appraisers is *affirmed.*